## MORTON v. COLES ET AL.

*Actions — Abatement and revivor — Section 11397, General Code — Nuisance and negligence distinguished — Falling awning injures pedestrian.*

1. A cause of action instituted for damages for personal injuries received from a falling awning does not abate, under Section 11397, General Code, upon the death of the defendant, in the absence of facts disclosing that the awning was erected or maintained as a nuisance.

2. A petition in an action for damages for personal injuries sustained by a pedestrian who was struck by a falling awning which was lawfully erected over a sidewalk does not state a cause of action for a nuisance *per se* by alleging only careless or negligent maintenance of such awning.

(Decided July 11, 1921.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Dennis J. Ryan* and *Mr. Edward M. Hurley,* for plaintiff in error.

*Messrs. Crosley & Rogers,* for defendant in error.

BUCHWALTER, J. Plaintiff in error, Belle Morton, who was plaintiff below, instituted an action against the defendant, Stephen Coles, averring that while she was walking along John street, in the city of Cincinnati, a heavy iron awning frame, attached to a building owned by the defendant, fell and struck her, causing the injuries complained of.

It was further averred that "this frame was supported by ropes, which said defendant carelessly and negligently suffered and permitted to become

14

defective and out of repair, so that the same was dangerous to persons passing along said sidewalk, abutting said premises," and that this frame, by reason of its defective condition, fell and struck the plaintiff, causing the injuries.

After answer, but before trial, the defendant died. His administrator, Walter S. Coles, then filed a motion to dismiss the petition for the alleged reason that the cause of action was for a nuisance, and under Section 11397, General Code of Ohio, abated on the death of the defendant. The motion was granted by the trial court and the petition dismissed, to which ruling error is prosecuted. Section 11397 provides:

"Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions * * * for a nuisance * * * which shall abate by the death of either party."

The petition states a cause of action against the defendant for damages for personal injuries received by the plaintiff.

The only question to be determined is whether the cause of action alleged is for a nuisance. If so, it abates. If not, it survives.

In the case of *Village of Cardington* v. *Admr. of Fredericks,* 46 Ohio St., 442, the court held:

"An action against an incorporated village founded upon a petition alleging in substance that a street much used by the citizens and the public, was so unskillfully and negligently constructed and left by the defendant as to be in an unsafe and dangerous condition, and allowed to become out of repair and obstructed by the rubbish and refuse of

the village, so that it was highly dangerous, and that the plaintiff, while lawfully passing along the street, accidentally and without fault or negligence on her part, was precipitated down an embankment, whereby she was greatly bruised and injured, for which damages she asks judgment, is an action 'for a nuisance' within the meaning of Section 5144, Revised Statutes, and abates at the death of the party injured."

The case of *City of Cincinnati* v. *Darby, Admr.*, 5 N. P., N. S., 216, which was heard in the superior court, general term, affirmed *Darby, Admr.*, v. *City of Cincinnati*, 80 Ohio St., 733, holds:

"An action, therefore, for damages resulting from a fall on a sidewalk improperly constructed and maintained, abates with the death of the plaintiff."

It is contended here that the action is for negligence and not for nuisance. A nuisance may be, and usually is the consequence of negligence. But a negligent act does not necessarily create a nuisance. Negligence is defined as failure to use ordinary care; that is, such care as persons of ordinary prudence are accustomed to exercise under the same or similar circumstances, having due regard to the rights of others.

Nuisance is defined in 1 Wood on Nuisances (3 ed.), Section 1, as follows:

"A nuisance, in the ordinary sense in which the word is used, is any thing that produces an annoyance — any thing that disturbs one or is offensive; but in legal phraseology it is applied to that class of wrongs that *arise* from the unreasonable, unwarrantable or unlawful use by a person of his own

property, real or personal, or from his own improper, indecent or unlawful personal conduct, working an obstruction of, or injury to, a right of another or of the public, and producing such material annoyance, inconvenience, discomfort and hurt, that the law will presume a consequent damage."

See also Cochran's Law Lexicon, 192, and 1 Wood on Nuisances (3 ed.), Section 307.

Section 3714, General Code, provides:

"Municipal corporations shall have special power to regulate the use of the streets, * * *. The council shall have the care, supervision and control of public highways, streets, * * * and shall cause them to be kept open, in repair, and free from nuisance."

The legislature has designated a number of acts as nuisances, Section 12646 *et seq.*, General Code, and has provided by Section 13421:

"Whoever obstructs or incumbers, by fences, buildings, structures or otherwise, a public ground, highway, street or alley of a municipal corporation, shall be fined," etc.

Section 3637, General Code, provides for the regulation by the city of the erection of fences, billboards, signs and other structures within the corporate limits, and provides for the removal and repair of insecure billboards, signs and other structures.

By these enactments, it would seem that special power had been given to regulate signs and other structures, to remove and repair same, in addition to the duty heretofore referred to, to keep the street

free from nuisance. So that an abutting owner has the right to erect certain structures; subject, however, to proper regulation and control by the municipality.

An awning erected over a street may be an encroachment, but not necessarily a public nuisance. When illegally placed and maintained, it may be a nuisance.

There are cases in many states which hold that any incumbrance, encroachment, or obstruction in a street is a nuisance. The decisions in Ohio have not extended the doctrine that far.

In the case of *Kellogg* v. *Cincinnati Traction Co.,* 80 Ohio St., 331, the court holds:

"The owner of lots abutting on opposite sides of the street may, under a license or permit from the city council, revocable at its pleasure, construct an overhead bridge for the purpose of transporting freight over the street and relieving the street of a serious obstruction to or interference with traffic along the street, the bridge being so constructed that its supports will not be in the street and so that it will not interfere with the light and air of adjoining abutting owners."

In the opinion, at page 346, the court says:

"There are many uses or encroachments upon the streets that are not, and never have been regarded as, nuisances, so long as they serve a useful purpose and do not inconvenience the public, and which may be permitted or licensed under such general powers such as that conferred by Section 1536-131, Revised Statutes." (Now Section 3714, General Code, above quoted.)

Again, at page 348:

"The immemorial practice has been for the abutter to maintain in the street shade trees, carriage blocks, hitching posts, lamp posts,  *  *  * bay windows, awnings, signs, and other conveniences, and to place his building flush with the street so that the eaves project over the street and his window shutters open over the sidewalk."

And at page 349:

"The easement for a street extends as far below, and as high above the surface of the ground, as is necessary for street purposes, but if the abutter may for a useful purpose, and when the public is not inconvenienced, build an area way in the street to the basement of his building or place structures under the street, he may, subject to the same limitations, place structures above the street."

In the case of *Henry* v. *City of Cincinnati,* 1 C. C., N. S., 289, where the right to maintain a wire eighty feet above the street for the purpose of carrying electricity across the street was in question, the court holds:

"2. The city has no control over such portions of such land and air as are not available for street purposes. A street in this connection includes not only the surface of the land, but also the land beneath the surface for such distance as it may be availed for the laying of pipes, sewers, cisterns, conduits, or any known municipal purpose; and so much of the air above the surface as may be required for light, transportation, poles, wires, or other known municipal purpose."

A nuisance depends on facts. The locality, surroundings, the degree of danger, and the custom of the community are important factors. Numerous definitions of a nuisance have been given, but so much depends on facts, conditions and surrounding circumstances that a definition to fit all cases seems impossible.

Nuisance may cause injury to property or to persons, to health, comfort, safety, or morality. An obstruction or an encroachment might not be a nuisance in one highway, which would be in another. The rule laid down in the case of *Melker* v. *City of New York,* 190 N. Y., 481, seems a proper one:

"1. Whether any particular act is a nuisance, or not, depends upon the facts pertaining thereto. If the natural tendency of the act complained of is to create danger and inflict injury upon person or property, it may properly be found a nuisance as a matter of fact; but if the act in its inherent nature is so hazardous as to make the danger extreme and serious injury so probable as to be almost a certainty, it should be held a nuisance as a matter of law. A nuisance at law is a fact, but it is a fact so conclusive in legal effect as to be treated as a matter of law. Locality, surroundings, methods, the degree of danger and the custom of the country are the important factors."

"2. Unless *malum in se* a nuisance is a matter of degree; not the degree of care used, for that presents a question of negligence, but the degree of danger existing even with the best of care. Degree implies gradation, and gradation depends on cir-

cumstances.   When the degree of danger is obvious and so extreme as to invite calamity, a nuisance *per se* exists, but when the danger is so secret in nature that the cause of an accident cannot be discovered and according to all experience is neither imminent nor extreme, it is not a nuisance *per se,* although the jury may find it a nuisance in fact."

The awning itself was not unlawfully placed on the building.   It was for a fitting purpose, and did not materially interfere with any proper use of the street or sidewalk by the public; nor was it an annoyance or inconvenience to anyone until it fell. The placing and maintaining of it was not *malum in se.*   It was not, as erected, an obstruction to any known use to which the street might be put, nor did it interfere with the light or air of other abutting owners.   To constitute a nuisance *per se* the degree of danger must be obvious, and so extreme as to invite calamity.

From the averments contained in the petition it does not appear that the maintaining of this awning, as alleged, was a nuisance.

We are unwilling, when the tendency of decisions is toward survivorship of actions, to extend the rule laid down in *Cardington* v. *Fredericks, supra,* any farther than it explicitly goes.

If the plaintiff had a cause of action against the defendant, the death of the defendant should not deprive her of her right to proceed against the estate, unless it was clearly founded on nuisance and abated under the provisions of the General Code.

We, therefore, hold that the court of common pleas erred in sustaining the motion to dismiss. The judgment will be reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

HAMILTON, P. J., and CUSHING, J., concur.