## WEISHAHN v. KEMPER et.

Ohio Appeals, 6th Dist., Huron Co.

No. 237.   Decided May 14, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

855.   NUISANCE.
Junk business, operated on extensive scale, in neighborhood otherwise exclusively residential, held to constitute nuisance.

Appeal from Common Pleas.
Decree for plaintiff.

Earl S. Miller, Norwalk, for Weishahn.
Young & Young, Norwalk, for Kemper, et.

FULL TEXT.

LLOYD, J.

In 1913 or 1914 the defendant, Henry Kemper purchased a part of inlot 345 in Norwalk. Previous thereto the Kempers rented these premises and resided in the house located thereon. While so rented, Robert Kemper, Henry's father, had used the rear portion thereof for storage of junk collected by him. Thereafter the defendant, Henry Kemper, engaged in a small way in collecting scrap iron, paper, etc., and as his father had done, used the rear portion of this lot as a junk yard. He later transferred this property to his mother, Sarah, but himself continued to conduct a junk business thereon. The business increased in volume until in 1927 and for a few years prior thereto the gross annual amount of business done by him aggregated from $60,000.00 to $80,000.00. He paid $1100.00 for the property thus purchased by him and later transferred to his mother, and in 1926 purchased for $1500.00 a

part of inlot 346, fronting 52 feet on Marshall Street and separating that part of lot 345 owned by his mother from that part of inlots 346 and 347 which then was and theretofore, for about thirty-nine years, had been owned by plaintiff and occupied by him and his family as a residence.   Henry Kemper erected a seven-foot board fence across this lot at about the middle thereof paralleling Marshall Street and extending thence to the rear thereof on a line about 18 or 20 inches from the line of plaintiff's adjoining property, and proceeded to and did use the part of these premises so enclosed in conjunction with that owned by his mother for the purposes of his business, the corner of the fence so erected being but a few feet from the rear of plaintiff's house.   The only buildings of any kind upon the premises owned by the Kempers are the residence on the lot owned by Mrs. Kemper wherein she and her husband, Robert, reside, a house on the adjoining lot purchased by Henry, and an old barn and a shed.   The residences both front on Marshall Street.   The value of the barn and shed which are located on the extreme rear part of the premises, would not exceed two or three hundred dollars.

There are no railroad facilities nearer than two blocks of these premises and the back yards of these residence lots are used by the defendant to store the discarded materials usually found in a commercial junk yard.   At times the entire yard is filled therewith, of which the greater portion is scrap iron of all descriptions and which at times is piled higher than the fence.   The junk is conveyed to and from the premises in motor trucks.   In the shed, the front of which is unenclosed and a part of which at least is on the recently purchased lot, is an electrically operated shears used for cutting or breaking the scrap iron into smaller pieces preparatory to shipping. In addition to defendant and his father, at least three men are daily employed in and about the yard unloading junk materials brought there, and in sorting, cutting and piling the scrap iron, and when sold, loading it upon trucks to be conveyed to the railroad for shipment. This junk yard is the only business of any kind now or at any time conducted in the neighborhood, it being otherwise, as it always has been, exclusively a residential district; and the plaintiff complains that the incessant noise and dirt incident to the business, especially since the attempted enlargement thereof by the use of the lot adjoining the home of plaintiff, is of such a character as to constitute a nuisance and therefore should be enjoined.   In our opinion the facts in evidence are such as to justify that conclusion.   The business of defendant is a lawful business and not a nuisance as such, but in our judgment its nature, character and magnitude make it so when located in a neighborhood otherwise exclusively residential.

It is therefore ordered that the defendant be enjoined from conducting his said business on the premises in question and that he cease so to do within six months after the entry of this decree.

Richards and Williams, JJ., concur.