## BOHLEY et v CROFOOT et

Ohio Appeals, 9th Dist, Medina Co

No. 90. Decided October 17, 1929

## PER CURIAM

We do not approve, of course, the acts of the defendant in establishing his junk yard upon his lot in this residential district, but in the absence of valid deed restrictions or a zoning ordinance, he has the right to use his property in such manner as he sees fit, without the interference of a court of equity, unless such use violates the vested rights of his neighbors.

Plaintiff has no interest in the property of the defendant, and cannot rightfully complain of the use thereof unless such use injures plaintiff's right to use and enjoy his own property. The only restriction upon the right of either party in the use of his own premises is that one shall not use his own property in a way that violates the rights of the other. The mere unsightliness of the junk upon defendant's premises violates no rights of the plaintiff, any more than an unsightly house or other building would; and a court of equity cannot, at the instance of one neighbor, control another neighbor in the use of his own premises when such use in no way violates the rights of said first neighbor; where no right has been invaded, although one may have damaged another, no liability has been incurred, and no redress, either in law or in equity, is obtainable.

**Letts v. Kessler, 54 OS. 73.**

Plaintiff's rights are not invaded by the mere storage of automobiles upon the premises of the defendant, and a court of equity, therefore, has no right to prevent that being done; but plaintiff's rights are invaded when offensive gases, noises, odors or smoke, which are unusual in this residential district, are created by defendant upon his premises and pass over and upon the premises of plaintiff.

The evidence in this case establishes that the defendant, in the operation of the business of wrecking automobiles upon his property, does cause gases, noises, odors and smoke, which pass upon and over the premises of the plaintiff and injure him in the quiet and peaceable use and enjoyment of his premises; and such conduct on the part of the defendant is an invasion of the rights of the plaintiff and he is entitled to the protection of a court of equity to prevent such invasion.

We further find that it is not possible for defendant to prosecute his business of wrecking automobiles upon his property in the manner and method he has used in the past, without invading said rights of the plaintiff, and we do not see how it is possible for him to operate said wrecking business without thus interfering with the rights of plaintiff.

The plaintiff being without an adequate remedy at law, the defendant should be and is enjoined from the operation of the business of wrecking automobiles upon his said premises in such manner as to cause offensive gases, noises, odors or smoke to pass from his premises to the premises of plaintiff, and a decree for plaintiff may be accordingly drawn.

Funk, PJ, Pardee, J, and Washburn, J, concur.