## LIBER et v TIFFIN (city)

Ohio Appeals, 3rd Dist, Seneca Co

No 267. Decided Dec 29, 1937

Niles & Peters, Tiffin, and Frick & Abbott, Tiffin, for plaintiffs-appellants.

Paul R. Ebel, Tiffin, for defendant-appellee.

## OPINION

By THE COURT

This is an appeal on questions of law by Sam Liber and Tillie Liber, plaintiffs below, from a judgment of the Court of Common Pleas of Seneca County, Ohio, sustaining a general demurrer of the defendant the city of Tiffin, to and dismissing their petition seeking an injunction against the defendant city enjoining it from enforcing as to them the provisions of a certain ordinance of said city declaring the erection, operation or maintenance of any slaughter house, manufacturing establishment, junk yard, amusement park, or amusement pavilion within a radius of two thousand feet of any hospital or sanitorium within the corporate limits of said city, a public nuisance and providing that any person, partnership, firm or corporation which shall maintain or cause or permit to be maintained any such nuisance shall be guilty of a misdemeanor and shall be punished by a fine of not more than twenty-five dollars, and further providing that each day any such nuisance shall be maintained or be caused or permitted to be maintained shall be a separate offense, and further providing that as an additional

remedy the City Solicitor is authorized to abate or prevent such nuisance by appropriate legal action.

The plaintiffs allege in their petition that prior to the passage of said ordinance they acquired real estate and material suitable for and which they proposed to use for the erection, maintenance and operation of a junk yard.

There are no allegations of fact in the petition showing that the ordinance complained of is discriminatory or unreasonable in its application, or that it is otherwise invalid. Certain conclusions of law to this effect are alleged but they are not admitted by the demurrer. Bates Pleading, 1908 edition, page 425. **41 Oh St 62.**

"It has long been a canon of construction that every intendment is to be indulged in favor of the constitutional validity of legislation, national, state and municipal; that is, courts indulge every fair inference of fact and presumption of law that the legislation is within the fundamental law, since the legislators are supposed to have as much knowledge on the subject as the judges themselves, and furthermore, every public officer, legislative or otherwise, is presumed to know and act within the law, and hence the courts, having indulged every applicable reasonable inference of fact and legal presumption in favor of the legislation, will pronounce it unconstitutional only where it is clearly so, and the burden is always upon the one who denies the constitutional validity of the act.

"Primarily the proper authorities of cities and towns are the judges concerning the necessity and reasonableness of their police ordinances and regulations. Courts will assume that the municipal authorities have full knowledge of local conditions, and their determination of the necessity and reasonableness of any specific regulation in the light of this knowledge, to promote the public order, health, morals, safety or general welfare, will upon its face be regarded by the courts as valid." McQuillen on Municipal Corporations, Second Edition, Volume 3, page 94.

Municipalities unquestionably have the power by ordinance to prohibit the use of property for junk yards as potential nuisances in districts and locations within their limits, wherein certain conditions exist. **State ex v Combs, 129 Oh St 251.** Knack et v Velick Scrap Iron & Machine Co., Supreme Court of Michigan, July 20, 1922, 189 NW 54.

In the absence of allegations of fact to the contrary, it is presumed, under the rules above mentioned, that the districts in which the use of property for junk yards is prohibited by the ordinance in question are of such character and the conditions surrounding the same are such that the power of the municipality to prohibit the same is properly exercised.

The petition therefore does not state a cause of action and the judgment of the Common Pleas Court sustaining the demurrer of the defendant thereto and dismissing the same will for this reason be affirmed.

GUERNSEY, PJ, CROW and KLINGER, JJ, concur.