CITY OF DEFIANCE, APPELLEE, *v.* KILLION, APPELLANT.

(No. 229—Decided February 1, 1962.)

*Mr. Charles A. Bakle,* city solicitor, for appellee.
*Mr. Otto W. Hess* and *Mr. George A. Meekison,* for appellant.

GUERNSEY, P. J. This is an appeal on questions of law from the judgment of the Municipal Court of Defiance, convicting the defendant of a violation of Section 34.20 of the Code of Ordinances of the City of Defiance. The ordinance and the section providing a penalty for the violation thereof read as follows:

"34.20  Junk.

"The operation, erection, establishment, and maintenance of a place or places by any person for the purpose of carrying on or engaging in the operation of a junk yard or other place for the storage and sale of wrecked and junked automobiles,

scrap iron, rubber, paper, rags, or other unsightly material within the city is hereby declared to be a nuisance and an impairment to the health, safety, and public welfare of the citizens and inhabitants of the city. No person shall engage in the operation or maintenance of such a place or places unless a fence is constructed, maintained and erected around such place or places in such a way that the property or junk stored upon said premises is not visible from the adjoining street, alley, or property."

"34.99 Penalties. [3rd paragraph.]

"Whoever violates 34.20 shall be fined not more than two hundred dollars. A separate offense shall be deemed committed upon each day that the violation occurs or continues."

Facts were stipulated by the parties showing that the defendant violated Section 34.20 by operating a junk yard without first having constructed a fence around same.

The only pertinent question raised before the Municipal Court and before this court is whether the ordinance is a constitutional exercise of the police power, it being contended by defendant that the purpose of the ordinance is to regulate the use of property solely for esthetic considerations. In determining this matter we are not concerned whether adjoining property owners may have a cause of action against the defendant in their own behalf for our only concern is whether the ordinance is a proper exercise of the police power in the interests of public welfare.

It will be observed that the first sentence of Section 34.20 declares "The operation * * * of a junk yard or other place for the storage and sale of wrecked and junked automobiles, scrap iron, rubber, paper, rags, *or other unsightly material*" (emphasis added) to be a niusance, and the second sentence prohibits such operation "unless a fence is constructed * * * in such a way that the property or junk stored upon said premises *is not visible*" (emphasis added). When these sentences are read and construed together it is apparent that the gravamen of the nuisance or the criminal offense is the unsightliness and visibility of the junk or other material stored on the premises, that if the same is made not visible from the exterior of the premises then the operation does not constitute a nuisance and no prohibition against operation then exists. There is no requirement that the fence be so constructed as to turn animals

or persons, or as to contain any undesirable thing or things which might otherwise escape from the premises. The only conclusion that can be reasonably drawn is that the city council, in enacting this ordinance, had in consideration only esthetic matters and was not attempting to regulate the operation of the business except from such standpoint.

The fact that a condition or use of a person's premises did not constitute a nuisance at common law does not in itself prevent the Legislature, or a legislative body, under proper constitutional or statutory authority, from adopting legislation which makes such condition or use a nuisance. However, as stated in 16 Corpus Juris Secundum, 939, Constitutional Law, Section 195:

"*Esthetic conditions.* The concept of the public welfare is broad and inclusive. The values it represents are spiritual as well as physical, esthetic as well as monetary. It is within the power of the Legislature to determine that the community should be beautiful as well as healthy, spacious as well as clean, well-balanced as well as carefully patrolled. Nevertheless, it is held that *esthetic conditions alone are insufficient to support the invocation of the police power*, although if a regulation finds a reasonable justification in serving a generally recognized ground for the exercise of that power, the fact that esthetic considerations play a part in its adoption does not affect its validity." (Emphasis added.)

See, also, *Bohley* v. *Crofoot*, 7 Ohio Law Abs., 667; *Letts* v. *Kessler*, 54 Ohio St., 73; and Annotation, 45 A. L. R. (2d), 1425.

In our opinion, the ordinance being based solely on esthetic considerations, the same is an unconstitutional exercise of the police power and is therefore void.

For these reasons the judgment of conviction of the trial court is reversed, final judgment is rendered in favor of the defendant and he is discharged, at the costs of the plaintiff-appellee.

*Judgment reversed.*

MIDDLETON and YOUNGER, JJ., concur.