DESHLER (VILLAGE), PLAINTIFF, *v.* HOOPS, DEFENDANT.

Common Pleas Court, Henry County.

No. 16793. Decided November 12, 1963.

336

*Mr. Justin J. Gribbell*, for plaintiff.
*Messrs. Lankenau & Lankenau*, for defendant.

(HAM, J., of Fulton County, sitting by assignment in Henry County.)

HAM, J. This is an action for declaratory judgment in which the plaintiff asks the Court to affirm the validity of its Ordinance No. 820 and to determine whether the defendant is creating a nuisance by maintaining his property in the manner set forth in the petition.

Plaintiff alleges that it "can not safely proceed to enforce said ordinance until the same be declared valid and defendant be held to be creating a nuisance, as provided by Section 2721.03, Revised Code."

To the petition, the defendant has filed an amended answer alleging, by way of affirmative defense, that the ordinance is unconstitutional, which plaintiff controverts by its reply. The Attorney General has filed a waiver pursuant to Section 2721.12, Revised Code, and the parties have stipulated as to the regularity of passage and publication of the ordinance. Inasmuch as the validity of the ordinance determines the future course of the action, briefs have been submitted by counsel and the

question argued at length prior to any factual determination.

Ordinance No. 820 of the Village of Deshler, Ohio, reads as follows:

"ORDINANCE NO. 820 Declaring a Nuisance The Maintenance of Property Within the Village of Deshler, Ohio. With Old Dilapidated, Unpainted, Unsafe and Uncared for Buildings, Materials And or Equipment thereon.

"BE IT RESOLVED BY THE COUNCIL OF THE VILLAGE OF DESHLER, STATE OF OHIO:

"SECTION 1: It is hereby deemed and declared a nuisance and unlawful for any person to maintain property within the Village of Deshler, Ohio, upon which there is kept any structure, building materials, equipment, machinery or other thing subject to public view and access, which is old and dilapidated, in poor and unsafe condition, unpainted, uncared for, and dangerous or potentially dangerous, a fire hazard, eye-sore, attractive to children to play thereon; and who may suffer injury thereon; and a harbor for rats and vermin, and the maintenance of any premises in that condition is hereby declared detrimental to the public good, and an annoyance to the community and its inhabitants.

"SECTION 2: Wrecked or junked vehicles, autos, mechanical equipment and building material shall not be left or stored in a public place, or subject to public access or view for longer than necessary, and any such storage thereof for longer than ten days shall be deemed unreasonable and unlawful. This provision shall not apply to any authorized driver-safety campaign or other proper activity.

"SECTION 3: Whoever shall be found guilty of violating, this section shall be fined not less than $5.00 nor more than $25.00 for the first offense. After such conviction each day such nuisance is maintained shall constitute an additional offense, for which the penalty shall be a fine of not less than $10.00 nor more than $50.00 for each additional offense.

"SECTION 4: In addition or as an alternative to the prosecution of any person under this ordinance, the Council may require the Village Solicitor to bring an action in the Common Pleas Court of this County for the abatement of such nuisance.

"SECTION 5: Every citizen of this community is called upon to give his full cooperation in maintaining every property within the Village in a safe, clean, proper and attractive condition, so that each property may be an asset and credit to the community and not a detriment thereto, and if any citizen working toward this goal meets with any problem in so maintaining his property, he is urged to seek the help of the public officials. The cooperation of the local Chamber of Commerce and of every other public spirited group is invited in this effort toward the betterment of our community.

"SECTION 6: This ordinance shall be and remain in full force and effect from and after the earliest period allowed by law.

"Passed this 25th day of May, 1962.

Robert E. Lee, Mayor

Attest: John Lee, Clerk"

We are dealing here with a penal ordinance, and it is the established law of this State that in such type of legislation the offense must be set forth with such degree of particularity that any person of ordinary intelligence may know by reading it whether or not his conduct falls within or without the legislative prohibition. The ordinance must fix the standard by which the conduct of those persons subject to its penalties may be regulated. *Henry* v. *City of Cleveland*, 27 O. C. A., 321; *Roberts* v. *State*, 46 Ohio App., 364.

Section 1 of Ordinance 820 would seem to fall short of this requirement. Consider the words descriptive of the condition which constitutes a violation: "old and dilapidated, in poor and unsafe condition, unpainted, uncared for, and dangerous or potentially dangerous, a fire hazard, eye-sore, attractive to children to play thereon; and who may suffer injury thereon; and a harbor for rats and vermin. . ."

At what point in time does a structure become "old"? At what stage is it considered "dilapidated"? Where in the process of its dilapidation does its condition become "poor" or "dangerous or potentially dangerous" or an "eye-sore"? These are subjective terms, and susceptible of as many definitions and distinctions as there are people to apply them. Yet they prescribe a rule the violation of which may cost the offender

a fine of up to $25.00 for the first offense, and $50.00 for each day thereafter that the condition persists.

In the *Henry case, supra,* at 326, the Court said: "The fact that it is a jury question, whereby one jury would declare a given set of facts reasonable, and another jury find the same set of facts a violation as unreasonable or falling short of reasonable, leaves the ordinance without a standard. The individual does not know, and cannot know, what in fact constitutes the crime . . . . not until the verdict of the jury is read."

And at page 327, quoting from *L. & N. Ry. Co.* v. *Commonwealth,* 99 Ky., 132: " . . . . . it seems clear to us to be utterly repugnant to our system of laws to punish a person for an act, the criminality of which depends, not on any standard erected by the law which may be known in advance, but on one erected by a jury."

By analogy, this Court considers that the same infirmity plagues the ordinance in question, and that Section 1 thereof is void for uncertainty and indefiniteness. See *Rembrandt* v. *City of Cleveland,* 28 Ohio App., 4.

An additional question is presented by Section 2 of the ordinance, which prohibits the leaving or storing of certain items "in a public place, or subject to public access or view for longer than necessary. . ." The items enumerated are those normally found in a "junk yard."

The operation of a junk yard is a legitimate business and not a nuisance per se. *Weishahn* v. *Kemper,* 32 Ohio App., 313, 315. This ordinance makes it a penal offense to conduct such a business within the Village of Deshler if the items listed are stored in a public place or subject to public access or view for more than ten days.

"The mere unsightliness of the junk upon defendant's premises violates no rights of the plaintiff, any more than an unsightly house or other building would . . . . Plaintiff's rights are not invaded by the mere storage of automobiles upon the premises of the defendant, and a court of equity, therefore, has no right to prevent that being done. . . ." *Bohley* v. *Crofoot,* 7 Ohio Law Abs., 667, 668.

This is not a zoning ordinance, which purports to confine certain activities to particular areas of the municipality. The

effect of this ordinance is to altogether prohibit the operation of a special class of business within the corporate limits.

"Even if we should assume that a municipality could by ordinance exclude an existing junk yard from a residential neighborhood as an offensive trade likely to create a nuisance, it does not follow that any and every regulation of a junk yard by ordinance would be valid." *City of Akron* v. *Klein*, 171 Ohio St., 207, 212.

Unquestionably, a municipality has the power to prohibit by ordinance "the use of property for junk yards as potential nuisances in districts and locations wherein certain conditions exist" such as proximity to hospitals or sanitoriums. *Liber* v. *Tiffin*, 26 Ohio Law Abs., 478. But Ordinance No. 820 goes beyond mere regulation or licensing. Its enforcement would destroy an otherwise legitimate business by forbidding its operation if the public were permitted to see the merchant's products or to enter the business establishment. The ordinance denies to the defendant the rights to freedom and protection of property guaranteed by Article I of the Ohio Constitution, and is therefore invalid. *Frecker* v. *City of Dayton*, 88 Ohio App., 52, Aff'd., 153 Ohio St., 14.

But perhaps the most apparent weakness of the ordinance in question is its consistent use of such phrases as "subject to public view and access," "old and dilapidated," "unpainted," "uncared for," "eye-sore" and phrases of similar import. Such language, considered in conjunction with the general tenor of the ordinance as a whole, impels the conclusion that the considerations for the ordinance were entirely esthetic; that the ordinance comes within the rule of *City of Defiance* v. *Killian*, 116 Ohio App., 60; that it is an unconstitutional exercise of the police power and is void.

It should be noted that this Court, in declaring the invalidity of Ordinance No. 820 of the Village of Deshler, does not presume to limit or restrict the power of the plaintiff to abate, enjoin, or otherwise regulate or prohibit public nuisances pursuant to the general law of Ohio. What constitutes a nuisance is largely a question of fact, dependent upon the circumstances of the particular case. *Morton* v. *Coles*, 14 Ohio App., 209, 215. It may always be the subject of judicial determination

in a proper proceeding. *Deming* v. *City of Cleveland*, 12 O. C. D., 198; *Ferguson* v. *City of Columbus*, 70 Ohio Law Abs., 277, 285. Nor does the Court question the good faith of the plaintiff in the passage of the ordinance in question. The altruistic motives of the plaintiff are quite apparent. But these factors are not in issue.

In accordance with the foregoing, it is the opinion of this Court that Ordinance No. 820 of the Village of Deshler, Ohio, is invalid and unenforceable. So holding, it is unnecessary in this declaratory judgment action to pass upon the question of whether defendant is in fact creating a nuisance.

The costs of this proceeding are taxed against the plaintiff. Exceptions saved.

Counsel will submit an appropriate journal entry.