**In re Appeal of BORGERDING, Appellee,**

v.

**CITY OF DAYTON, et al., Appellants.**

[Cite as *Borgerding v. Dayton* (1993), 91 Ohio App.3d 96.]

Court of Appeals of Ohio,
Montgomery County.

No. 13896.

Decided Oct. 7, 1993.

*Konrad Kuczak,* for appellee.

*Susan S. Silberstein,* for appellants.

FAIN, Judge.

Defendants-appellants, city of Dayton and city of Dayton Civil Service Board, hereinafter collectively referred to as "the city," appeal from a judgment of the trial court, in an administrative appeal brought pursuant to R.C. 2506.01, reversing a decision of the Dayton Civil Service Board. The city contends that the trial court erred by concluding that the decision of the Dayton Civil Service Board was

not supported by substantial, competent and credible evidence, and that the trial court erred by deciding this case.without the benefit of arguments or briefs by either party.

We conclude that the trial court erred by deciding this administrative appeal without the benefit of briefs or arguments by either party on the merits of the appeal. Since the scope of review of a court of appeals upon its review of a decision of a trial court in an administrative appeal is more limited than the scope of review by the trial court, we conclude that it would be premature for us to address the city's first assignment of error before the trial court has had an opportunity to exercise its less-limited review in a proper manner. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

## I

Plaintiff-appellee, David E. Borgerding, was a structural inspector for the city, Department of Economic Development, Division of Business Services. As a result of six charges of misconduct, Borgerding was discharged effective October 29, 1990. The propriety of Borgerding's discharge was ultimately upheld by the Dayton Civil Service Board, following five days of evidentiary hearings. Borgerding appealed the decision of the Dayton Civil Service Board to the Montgomery County Common Pleas Court pursuant to R.C. 2506.01.

Borgerding's notice of appeal was filed with the Dayton Civil Service Board on July 22, 1992, and a pleading denominated "Appeal From Administrative Agency" was filed in the trial court on July 23, 1992. The initial pleading in the trial court simply recited that it was an administrative appeal from Borgerding's discharge, and that the jurisdiction of the trial court to hear the appeal was based upon R.C. 124.34 and 2506.01, "as said decision is unsupported in fact and by law," and further prayed for the vacation of the decision appealed from and for an order reinstating Borgerding to his employment with the city.

Other than the transcript of the proceedings in the Dayton Civil Service Board, Borgerding made no additional filings in the trial court until September 3, 1992, when he filed an application for extension of time to file his brief. This application was granted, and he was given until October 10, 1992 to file his brief. The next document in the file is Borgerding's "Motion for Pretrial Conference to Determine Date for Trial *De Novo* and Extension of Time for Appellant to File Brief." In this pleading, Borgerding assumed that he was entitled to a trial *de novo* in the common pleas court, and requested a pretrial conference to schedule the trial. Borgerding also asked for an extension of time to file his brief until some time after the trial. The city filed a memorandum in which it asserted that Borgerding was not entitled to a trial *de novo,* and in which it opposed any

further extension of time in which to file his brief. Borgerding then filed a reply memorandum in support of his original motion, the city filed a motion of additional authority on this issue, and Borgerding, on November 3, 1992, filed a reply to the city's notice of additional authority.

In the memoranda supporting and opposing Borgerding's asserted right to a trial *de novo*, both parties touched tangentially upon the underlying merits, but there was never any briefing of the merits of the appeal as such.

On December 10, 1992, although neither party had briefed or argued the merits of Borgerding's administrative appeal, the trial court rendered a decision in which it first decided that Borgerding was not entitled to a trial *de novo*, and, then, in a thirty-six-page analysis, weighed the evidence in the record of the hearing before the Dayton Civil Service Board, and found that the record supported only one of the six charges against Borgerding. Consequently, the trial court ordered Borgerding reinstated with back pay, in an amount to be determined in a subsequent proceeding. From the judgment of the trial court reversing the decision of the Dayton Civil Service Board, the city appeals.

## II

The city's second assignment of error is as follows:

"The entry of judgment by the trial court without opportunity for the appellant [*sic*] to file its brief was contrary to law and constituted an abuse of discretion."

Essentially, the city argues that the trial court erred by deciding Borgerding's administrative appeal without the benefit of arguments or briefs by either party.

R.C. 2506.03(A) provides, in pertinent part, as follows:

"The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code, unless it appears, on the face of that transcript or affidavit filed by the appellant, that one of the following [exceptions] applies: * * *[.]"

Borgerding argues that the foregoing provision, that "the court shall be confined to the transcript as filed," means that the trial court may not consider the arguments of the parties. This would be a remarkable and novel provision, since courts customarily benefit greatly from the arguments and analysis of counsel. We take the quoted provision only to mean that the factual record in the case is to be limited to the record made up in the administrative forum unless one of the enumerated exceptions applies.

It is customary in a trial to accord the parties the opportunity to argue the merits of the case, either orally or in writing. Former Loc.R. 2.47(c) (now

Loc.R. 2.37, Part II) of the Montgomery County Common Pleas Court, General Division, concerning appeals from administrative agencies, provided as follows:

"The court may require arguments of counsel to be written and included in the briefs, as provided herein. Unless fixed by statute or rule of the Supreme Court or otherwise ordered, briefs shall be filed as follows: The appellant shall, within forty (40) days after filing notice of appeal, file with the clerk his claim of error, brief and all necessary papers unless an extension of time has been authorized by the court.

"If the appellant fails to file his claim of error, brief or other necessary papers within time, the appeal will be dismissed for want of prosecution or otherwise disposed of at the discretion of the court.

"Within twenty (20) days after the service of the appellant's brief, counsel for appellee shall file his brief. Any reply brief must be filed by the appellant within ten (10) days after service of the appellee's brief.

"A request for extension or reduction of time in which to file briefs or other papers must be approved before the time required has expired."

Former Loc.R. 2.47(c) contemplated that the trial court would have the benefit of the arguments of the parties, whether in writing or orally, when it decided the merits of an administrative appeal.

Borgerding argues that the fact that he had not filed a timely brief on the merits permitted the appeal to be "otherwise disposed of at the discretion of the court" pursuant to former Loc.R. 2.47(c). We construe this provision as simply permitting a trial court to fashion some sanction short of a dismissal as a result of an appellant's failure to file a brief timely in accordance with the local rule. The appellee, the city, was not in default under the rule. Accordingly, any sanction or other remedy imposed by the trial court as a result of the *appellant's* failure to file a timely brief ought not to prejudice the city. By the trial court's having proceeded to decide the appeal on the merits without the benefit of arguments or briefs from either party, the city was deprived of the opportunity to be notified of Borgerding's arguments in support of his appeal, and to respond to those arguments either orally or in writing.

■ For an *appellee* to be deprived of the opportunity to be advised of the appellant's arguments and to respond to those arguments, as a result of the *appellant's* procedural default, would be contrary to traditional notions of due process, a result that we cannot imagine Loc.R. 2.47(c) was intended to permit. " 'The fundamental requisite of due process of law is the opportunity to be heard.' " *Greene v. Lindsey* (1982), 456 U.S. 444, 449, 102 S.Ct. 1874, 1877, 72 L.Ed.2d 249, 255.

■ We are not satisfied that the city's opportunity to make its arguments to this court cures the harm that resulted from its inability to make its arguments in the trial court. Although the trial court's task in an administrative appeal involves essentially a legal question, "inevitably it involves a consideration of the evidence, and to a limited extent would permit a substitution of judgment by the reviewing Common Pleas Court." *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 67, 407 N.E.2d 1265, 1267. When the trial court's judgment, in an administrative appeal, is being reviewed by a court of appeals, the appellate court's scope of review is more limited. The court of appeals may not interfere unless the judgment of the trial court is so at odds with the evidence as to be erroneous as a matter of law. *Ohio State Med. Bd. v. Ioannidis* (June 18, 1987), Allen App. No. 1–86–52, unreported, 1987 WL 13130; *In re Brackett* (May 1, 1990), Montgomery App. No. 11799, unreported, 1990 WL 56898. See, also, *Dudukovich v. Lorain Metro. Housing Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 201, 389 N.E.2d 1113, 1117; and *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

■ Because the scope of review by the trial court in an administrative appeal is greater than the scope of review by the court of appeals in an ensuing appeal from the trial court's judgment, it follows that we should not substitute our judgment for that of the trial court. Accordingly, we may not simply determine, with respect to the city's first assignment of error, that the trial court did not abuse its discretion by concluding that Borgerding's discharge was not supported by a preponderance of the reliable, probative, and substantial evidence in the record, and then conclude that the trial court's procedural error was necessarily harmless.

The city's second assignment of error is sustained.

### III

The city's first assignment of error is as follows:

"The decision of the trial court is contrary to law and * * * the order of the Dayton Civil Service Board is not unconstitutional, illegal, arbitrary, or capricious or unreasonable, and is supported by the preponderance of substantial, reliable and probative evidence on the whole record."

In view of our disposition of the city's second assignment of error, and also in view of the fact that our standard of review pursuant to this assignment of error is significantly different from the standard of review employed by the trial court, we conclude that it is not appropriate for us to resolve this assignment of error at this time.

The city's first assignment of error is overruled as moot, without prejudice.

IV

The city's second assignment of error having been sustained, the judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion. In view of the fact that the trial court is being directed to consider the arguments or briefs of the parties in connection with an administrative appeal in which it has already rendered a thirty-six-page opinion on the merits, we would suggest that it might be advisable for a different trial judge to be assigned to this case upon remand. We offer this as a suggestion, only, since this issue has not been raised by the parties, and since we have reservations about our jurisdictional power with respect to this aspect of the case in view of Section 5(C), Article IV of the Ohio Constitution.

*Judgment reversed*
*and cause remanded.*

BROGAN and FREDERICK N. YOUNG, JJ., concur.