OPINION *Page 2 
{¶ 1} Appellants the Knox County Auditor and Board of Education of the Mount Vernon City School District appeal the May 11, 2007 Judgment Entry of the Knox County Court of Common Pleas determining the taxable value of property owned by Appellee RDSOR.
 STATEMENT OF THE CASE {¶ 2} The property at issue consists of a 5,808 square foot parcel of land located at 135 South Main Street, Mount Vernon, Ohio. It is located in the Mount Vernon City taxing district of Knox County, Ohio and identified as parcel number 66-02280-000. The property is improved with a 12,520 square foot three story office building with gas heat, air conditioning, and a 2,000 pound passenger elevator.
 {¶ 3} Appellee RDSOR purchased the subject property in 1996 for $210,000. For the tax year 2005, the Knox County Auditor appraised the property finding a true value of $745,010 for real property tax purposes, and a taxable value of $260,760.
 {¶ 4} Appellee RDSOR filed a complaint pursuant to R.C. 5715.09 with the Knox County Board of Revision for tax year 2005, and the Board of Education of the Mount Vernon City School District filed a counter-complaint. Following a hearing on the issue, the Knox County Board of Revision reduced the true value of the property to $565,000, and found the taxable value to be $197,750. RDSOR filed an appeal from the Board's decision with the Knox County Court of Common Pleas on October 31, 2006.
 {¶ 5} The parties issued discovery requests to each other and several orders extending discovery were issued by the trial court. On May 11, 2007, via Judgment *Page 3 
Entry, the common pleas court issued a decision determining the fair market value of the property to be $302,000, and the taxable value to be $105,700. The trial court issued its decision without the parties filing briefs, basing its decision "on the certified transcript of the Board's record and all evidence offered before the Board . . ."
 {¶ 6} The Knox County Auditor and the Mount Vernon Board of Education now appeal the decision of the common pleas court, assigning as error:
 {¶ 7} "I. THE COMMON PLEAS COURT ERRED IN DECIDING THE APPEAL WITHOUT PROVIDING THE APPELLANTS WITH THE OPPORTUNITY TO SUBMIT BRIEFS TO THE COURT.
 {¶ 8} "II. THE COMMON PLEAS COURT ERRED IN FAILING TO SET FORTH THE SPECIFIC FACTS UPON WHICH IT BASED ITS DETERMINATION OF THE TRUE VALUE OF APPELLEE'S PROPERTY.
 {¶ 9} "III. THE COMMON PLEAS COURT ERRED AND ABUSED ITS DISCRETION IN RELYING ON THE APPRAISAL REPORT OF CHARLES SNYDER TO DETERMINE THE TRUE VALUE OF APPELLEE'S PROPERTY."
 I. {¶ 10} In the first assignment of error Appellants argue the Knox County Court of Common Pleas denied the parties their right to due process in deciding the appeal without providing the parties an opportunity to submit briefs on the issue presented. We agree.
 {¶ 11} The Knox County Auditor and the Mount Vernon School Board filed their appeal from the Board of Revision's decision pursuant to R.C.5717.05, which provides in pertinent part: *Page 4 
 {¶ 12} "As an alternative to the appeal provided for in section5717.01 of the Revised Code, an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation. The appeal shall be taken by the filing of a notice of appeal with the court and with the board within thirty days after notice of the decision of the board is mailed as provided in section 5715.20 of the Revised Code. The county auditor and all parties to the proceeding before the board, other than the appellant filing the appeal in the court, shall be made appellees, and notice of the appeal shall be served upon them by certified mail unless waived. The prosecuting attorney shall represent the auditor in the appeal.
 {¶ 13} "* * *
 {¶ 14} "Within thirty days after notice of appeal to the court has been filed with the county board of revision, the board shall certify to the court a transcript of the record of the proceedings of said board pertaining to the original complaint and all evidence offered in connection with that complaint.
 {¶ 15} "The court may hear the appeal on the record and the evidence thus submitted, or it may hear and consider additional evidence. It shall determine the taxable value of the property whose valuation or assessment for taxation by the county board of revision is complained of, or if the complaint and appeal is against a discriminatory valuation, shall determine a valuation that shall correct the discrimination, and the court shall determine the liability of the property for assessment for taxation, if that question is in issue, and shall certify its judgment to the auditor, who shall correct the tax list and duplicate as required by the judgment." *Page 5 
 {¶ 16} Appellants assert the statute merely contemplates a party's ability to petition the reviewing court to submit "additional evidence."
 {¶ 17} The Second District Court of Appeals addressed the issue in a similar case, Borgerding v. Dayton (1993), 91 Ohio App.3d 96:
 {¶ 18} "Essentially, the city argues that the trial court erred by deciding Borgerding's administrative appeal without the benefit of arguments or briefs by either party.
 {¶ 19} "R.C. 2506.03(A) provides, in pertinent part, as follows:
 {¶ 20} " The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code, unless it appears, on the face of that transcript or affidavit filed by the appellant, that one of the following [exceptions] applies: * * *[.]'
 {¶ 21} "Borgerding argues that the foregoing provision, that "the court shall be confined to the transcript as filed," means that the trial court may not consider the arguments of the parties. This would be a remarkable and novel provision, since courts customarily benefit greatly from the arguments and analysis of counsel. We take the quoted provision only to mean that the factual record in the case is to be limited to the record made up in the administrative forum unless one of the enumerated exceptions applies.
 {¶ 22} "It is customary in a trial to accord the parties the opportunity to argue the merits of the case, either orally or in writing. . . .
 {¶ 23} "* * * *Page 6 
 {¶ 24} "* * * By the trial court's having proceeded to decide the appeal on the merits without the benefit of arguments or briefs from either party, the city was deprived of the opportunity to be notified of Borgerding's arguments in support of his appeal, and to respond to those arguments either orally or in writing.
 {¶ 25} "For an appellee to be deprived of the opportunity to be advised of the appellant's arguments and to respond to those arguments, as a result of the appellant's procedural default, would be contrary to traditional notions of due process, a result that we cannot imagine Loc.R. 2.47(c) was intended to permit. "The fundamental requisite of due process of law is the opportunity to be heard.'" Greene v. Lindsey
(1982), 456 U.S. 444, 449, 102 S.Ct. 1874, 1877, 72 L.Ed.2d 249, 255."
 {¶ 26} We agree with the reasoning and the holding of the Second District in Borgerding. While the statute specifically contemplates the reviewing court's discretion in allowing the parties to submit "additional evidence", the filing of a brief stating the party's argument with regard to their appeal is not "additional evidence" under this provision. Rather, fundamental fairness and the traditional notions of due process provide for an appealing party's opportunity to be heard through the submission of briefs and/or oral argument. As such, the county auditor was not required to file a motion to request the right to file a brief in the appeal. The court's hearing of the appeal necessarily contemplates the duty to allow the parties to be heard, and the trial court erred in issuing its decision without providing the parties an opportunity to present their respective arguments relative to the appeal.
 {¶ 27} Accordingly, we sustain the first assignment of error. Appellants' second and third assignments of error are moot as being premature. *Page 7 
 {¶ 28} The May 11, 2007 Judgment Entry of the Knox County Court of Common Pleas is reversed and the matter remanded to the court for further proceedings in accordance with the law and this opinion.
 Hoffman, P.J., Farmer, J. and Delaney, J. concur *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Knox County Court of Common Pleas is reversed and the matter remanded to the court for further proceedings in accordance with the law and our opinion. Costs assessed to Appellee. *Page 1