CITY OF CLEVELAND, Appellee,

v.

POSNER, Appellant.

[Cite as *Cleveland v. Posner*, 193 Ohio App.3d 211, 2011-Ohio-1370.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 95301.

Decided March 24, 2011.

Robert J. Triozzi, Cleveland Law Director, and Mark R. Musson, Assistant Law Director, for appellee.

Jeffrey P. Posner, L.L.C., and Jeffrey P. Posner, for appellant.

JAMES J. SWEENEY, Judge.

{¶ 1} Defendant-appellant, Jeffrey Posner, appeals the trial court's judgment affirming his liability for a civil penalty for speeding pursuant to Cleveland Codified Ordinances ("CCO") 413.031. After reviewing the facts of the case and pertinent law, we reverse and remand.

{¶ 2} On October 22, 2008, an automatic traffic-enforcement camera ("ATEC") photographed defendant's car traveling west at 2435 St. Clair Avenue, in Cleveland, at a speed of 38 miles per hour, which is 13 miles per hour over the posted 25 miles per hour speed limit. On November 19, 2008, the city of Cleveland mailed defendant a notice of liability pursuant to CCO 413.031, stating that defendant was subject to a $100 fine for the violation.

{¶ 3} Defendant denied liability and requested an administrative hearing with the city of Cleveland Parking Violations Bureau ("PVB"), which was held on December 4, 2008. The hearing was conducted by a hearing examiner, who is employed by the PVB's Photo Safety Division. The hearing examiner read the evidence against defendant into the record, which included the notice of violation, two ATEC photographs of defendant's car with statistics showing defendant's speed of 38 miles per hour, and the Cleveland Police Department Deployment Log showing that the ATEC in question was calibrated approximately one hour before defendant's violation was issued.

{¶ 4} Defendant denied liability, stating that he "was not exceeding the posted speed limit," and if he had been speeding, he was still traveling at "a reasonable speed." Defendant also objected to the hearing on the basis that CCO 413.031 is unconstitutional for several reasons.

{¶ 5} The hearing examiner found defendant liable for the $100 penalty. On December 18, 2008, defendant appealed the PVB's decision to the Cuyahoga County Court of Common Pleas, arguing that CCO 413.031 is unconstitutional on

its face and as applied to him; therefore, he should not have been found liable. Defendant requested "discovery" of additional evidence and included a notice of deposition to the city of Cleveland. When this approach was unsuccessful, defendant filed a motion to compel and a motion for sanctions, which the court denied. On June 3, 2010, the court affirmed the PVB's decision, finding that "after careful review of the record and briefs, * * * the City of Cleveland Parking Violations Bureau's decision is not unconstitutional as applied."

{¶ 6} Defendant appeals and raises three assignments of error for our review.

{¶ 7} "I. The procedure below violated appellant's due process rights by providing for conviction upon improperly allowed evidence without the right to confront actual witnesses and compel appearance and testimony.

{¶ 8} "II. The procedure utilized below allowed conviction upon insufficient and improperly allowed evidence.

{¶ 9} "III. The common pleas court erred by not allowing discovery and process for additional evidence."

{¶ 10} Defendant, who is an attorney representing himself pro se, summarizes his argument on appeal as follows: "This case challenges the basic lack of evidentiary and due process protections afforded the City's victims in the administrative appeal and the Common Pleas Court's failure to allow additional evidence and avoidance of the underlying issues when it held for the City."

{¶ 11} Although hard to discern from his brief, we believe that defendant's allegations of due process violations are twofold:[1] First, the evidence against him consisted of unauthenticated documents, was based on hearsay, and/or failed "to meet the requirements for admission of scientifically based evidence," and therefore, should not have been admitted at the administrative hearing. Second, defendant should have been able to present additional evidence in his defense pursuant to R.C. 2506.03, because the testimony at the administrative hearing was unsworn, he was unable to subpoena or otherwise call witnesses, and the PVB failed to file conclusions of fact with its decision.

### Standard of Review

{¶ 12} This court reviews administrative appeals "to determine only if the trial court has abused its discretion." *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240. Ohio courts of appeals do not have the ability to review any findings of fact

---

1. Defendant vaguely mentions other allegations of due process violations in his appellate brief, such as "the hearing officer acts as prosecutor, judge and jury" and the prevention of identifying potential witnesses because a ticket was not issued on the scene. However, we decline to address these issues because defendant fails to argue them separately in his brief and fails to support his position with legal authority. App.R. 12(A)(2) and 16(A)(7).

or weigh the evidence in administrative appeals. See *Shields v. Englewood,* 172 Ohio App.3d 620, 2007-Ohio-3165, 876 N.E.2d 972.

{¶ 13} When a party appeals an administrative agency's decision to the common pleas court, on the other hand, the court "considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433. See also R.C. 2506.04. The court of common pleas "must weigh the evidence in the record * * *, however, * * * this does not mean that the court may blatantly substitute its judgment for that of the agency." *Dudukovich v. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 389 N.E.2d 1113.

### *Defendant's Other Cases*

{¶ 14} In addition to the case at hand, defendant has challenged other notices of liability he received from the PVB regarding ATEC speeding violations pursuant to CCO 413.031.[2] In two cases, the trial court declined to address defendant's constitutional arguments, stating that its scope of review was "limited to the validity of the hearing officer's decision." See *Cleveland v. Posner,* 188 Ohio App.3d 421, 2010-Ohio-3091, 935 N.E.2d 882, and *Cleveland v. Posner,* Cuyahoga App. No. 94689, 2010-Ohio-5368, 2010 WL 4365950 ("*Posner I & II*"). This court reversed the trial court's decisions on the grounds that the court had erred by not considering defendant's "unconstitutional as applied" arguments, reasoning that "in an administrative appeal, appellants can challenge the constitutionality of an ordinance as applied to their case." *Posner I* at ¶ 17. *Posner I & II* were remanded to the trial court with instructions to address these arguments.

{¶ 15} Although defendant argues in the instant case that "the trial judge evaded any discussion" of his constitutional rights, this case can be distinguished from *Posner I & II*, because in the case at hand, the court found in its journal entry that the PVB's decision was not "unconstitutional as applied." The court of common pleas is not required to issue findings of fact and conclusions of law in an administrative appeal because it does not conduct a trial de novo. *3910 Warrensville Ctr., Inc. v. Warrensville Hts.* (1984), 20 Ohio App.3d 220, 20 OBR 267, 485 N.E.2d 824.

---

2. As of the date of this opinion, defendant has another case pending in this court. *Cleveland v. Posner,* Cuyahoga C.P. No. CV–724353.

### Constitutional Challenges to Ordinances

{¶ 16} Defendant's allegations of due process violations challenge CCO 413.031 both on its face and as applied to defendant. "When a statute is challenged on its face, the challenger must demonstrate that no set of circumstances exists under which the statute would be valid." *Posner I,* 188 Ohio App.3d 421, 2010-Ohio-3091, 2010 WL 2637036, at ¶ 16. This is properly raised in a declaratory judgment action and is improper in an administrative appeal. *Cappas & Karas Invest., Inc. v. Cleveland,* Cuyahoga App. No. 85124, 2005-Ohio-2735, 2005 WL 1303346, ¶ 12.

{¶ 17} The constitutionality of a statute as applied to a particular defendant may be raised in an appeal to an administrative decision in a court of common pleas, "with the court permitting the parties to offer additional evidence." *FRC of Kamms Corner, Inc. v. Cleveland Bd. of Zoning Appeals* (1984), 14 Ohio App.3d 372, 373, 14 OBR 477, 471 N.E.2d 845.

{¶ 18} Therefore, we address defendant's arguments that CCO 413.031 is unconstitutional only to the extent that it applied to defendant's being found liable for a $100 penalty for speeding on October 22, 2008.

### CCO 413.031 is a Civil Ordinance

{¶ 19} We further narrow defendant's arguments because CCO 413.031 is a civil, rather than criminal, ordinance. Defendant characterizes his liability as "guilt" and his penalty as a "conviction," then uses these terms to argue that he is entitled to the protection and process due a criminal defendant. However, we adopt the court's holding in *Balaban v. Cleveland* (Feb. 5, 2010), N.D. Ohio No. 1:07–CV–1366, 2010 WL 481283, that CCO 413.031 is civil in nature.[3] See also *Mendenhall v. Akron* (Dec. 9, 2008), N.D. Ohio Nos. 5:06–CV–139 and 5:06–CV–154, 2008 WL 7484179 (Akron City Ordinance 79.01, which "authorizes the use of cameras to record speeding violations," is civil in nature, in part because violations "do not involve the criminal justice system, a criminal traffic citation is not issued by a police officer, the offender is not summoned to traffic court and point[s] are not assessed the driver or the vehicle owner's driving record by the Bureau of Motor Vehicles").

### Due Process

{¶ 20} *Balaban* concluded that CCO 413.031 "satisfies due process requirements for a civil penalty"; however, that case involved a facial challenge

---

3. Defendant represented plaintiff Michaela Balaban and challenged the constitutionality of CCO 413.031 on strikingly similar grounds to the instant case: "Balaban alleges that certain deficiencies, including the use of hearsay testimony and unauthenticated electronic evidence and the hearing examiner's role as 'prosecutor, judge and jury,' resulted in procedural and substantive due process violations * * *." Id.

to the ordinance's constitutionality. We turn now to whether the application of CCO 413.031 in this case violated defendant's due process rights.

{¶ 21} The hallmark components of due process are notice and a hearing. *Cleveland Bd. of Edn. v. Loudermill* (1985), 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494. In the instant case, defendant was given a notice of liability on November 19, 2008, and a hearing on December 4, 2008. Additionally, defendant exercised his right to appeal the PVB's decision at the common pleas court level and again at this court's level. We must determine whether defendant's opportunity to be heard was stifled somewhere along the way.

{¶ 22} At defendant's administrative hearing, he objected to essentially everything about the proceeding:

{¶ 23} "Well first of all I move to strike your comments because they are not based on personal knowledge. * * * I object to the failure to issue the ticket at the time of the alleged [offense] * * *. I object to the use of the photos and the information on the ticket because they have not been adequately put into evidence. * * * There is no establishment that the computer system which generates this information is trustworthy. There is no qualification that the photos are accurate. There is no qualification of the science behind this scheme as accurate or reliable or accepted in the scientific community. There is no qualification of the equipment as tested or accurate. There is no qualification of the radar or its calibration."

{¶ 24} Defendant then asked whether the police officer who issued and/or reviewed the ticket was available as a witness. The hearing examiner told defendant no. Defendant stated, "I understand that there is no process for which to subpoena those individuals or any other individual for this hearing, therefore I am deprived of the ability to present a defense * * *."

{¶ 25} After finding defendant liable for the $100 fine, the hearing examiner explained that defendant could appeal the decision to the Cuyahoga County Common Pleas Court, where he "can subpoena the police officer and the equipment they use."

### Evidence Against Defendant

{¶ 26} CCO 413.031(k) states: "At hearings, the strict rules of evidence applicable to courts of law shall not apply. The contents of the tickets shall constitute a prima facie evidence of the facts it contains." Defendant argues that the notice of liability was inadmissible at his hearing because it was "unsubstantiated or authenticated by any testimony" and based on hearsay. He further argues that "there is no evidence of the underlying reliability" of the ATEC system.

{¶ 27} The Ohio Supreme Court has held that administrative agencies are not bound by the rules of evidence applied in court. *Simon v. Lake Geauga Printing Co.* (1982), 69 Ohio St.2d 41, 44, 23 O.O.3d 57, 430 N.E.2d 468. Evidence that is admissible in administrative hearings is defined as follows: "(1) 'Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) 'Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) 'Substantial' evidence is evidence with some weight; it must have importance and value." *Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 571, 589 N.E.2d 1303. Furthermore, hearsay is admissible in administrative proceedings. *Simon* at 44.

{¶ 28} The evidence used against defendant at the administrative hearing was the notice of liability for speeding, the ATEC photographs, and the logbook showing the ATEC's calibration. Given the relaxed standards of evidence in administrative hearings, this evidence is certainly probative and substantial as to whether defendant was speeding. Cf. *HCMC, Inc. v. Ohio Dept. of Job & Family Servs.*, 179 Ohio App.3d 707, 2008-Ohio-6223, 903 N.E.2d 660, ¶ 48 (a state agency audit is admissible and prima facie evidence of what it asserts in an administrative hearing).

{¶ 29} Defendant argues that there is "no evidence of the underlying reliability of the science and equipment." The case law that defendant cites to support this argument is based on the formal rules of evidence used within the judicial system. As stated, these rules do not apply to administrative proceedings, and defendant's arguments as they rely upon specific rules of evidence are unpersuasive. Accordingly, the court did not abuse its discretion in finding that the evidence against defendant was properly before the PVB. Defendant's first and second assignments of error are overruled.

### Additional Evidence under R.C. 2506.03

{¶ 30} Defendant argues that he should have been allowed to present additional testimony at the court of common pleas for three reasons: the testimony at the administrative hearing was unsworn; he was unable to subpoena or otherwise call witnesses; and the PVB hearing examiner failed to file conclusions of fact with its decision.

{¶ 31} R.C. 2506.03(A) states that at the hearing of an administrative appeal, the common pleas court "shall be confined to the transcript [of the administrative agency hearing] unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies: * * * (2) The appellant was not permitted to * * * (b) [o]ffer and examine witnesses * * * [or] (c) [c]ross-examine witnesses purporting to refute the appellant's position, arguments, and contentions; * * * (3) The testimony adduced was not given under

oath[;] (4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from, or the refusal, after request, of that officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body[;] (5) The officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision."

{¶ 32} R.C. 2506.03(B) states that if an exception listed in subsection (A) applies, "the court shall hear the appeal upon the transcript and additional evidence as may be introduced by any party * * *."

{¶ 33} A cursory review of the record shows that two of defendant's arguments fail at the onset: First, defendant was the only person to testify at the administrative hearing, and his testimony was taken under oath. Second, the hearing examiner's conclusions of fact were filed with the hearing transcript.

{¶ 34} We now turn to defendant's argument that he was unable to call witnesses to testify. Although defendant attempted to invoke the Rules of Civil Procedure regarding discovery, the substance of his request falls squarely under R.C. 2506.03(A). However, defendant did not file an affidavit under R.C. 2506.03; therefore, our analysis is limited to what appears on the face of the transcript.

{¶ 35} At his administrative hearing, defendant was denied the opportunity to call or subpoena the police officer who issued and/or reviewed defendant's notice of liability. Defendant appealed to the common pleas court and filed a motion to compel discovery pursuant to Civ.R. 37. Defendant alleged that he served the city of Cleveland with interrogatories, requests for documents, and a notice of deposition on April 17, 2009. The notice stated that a deposition of an agent of Cleveland would be taken on May 20, 2009, at 1:00 p.m. regarding the "ticket" issued to him and the equipment used to determine his speed. Defendant further alleged that one week before the deposition date, the city of Cleveland cancelled the deposition and suggested to defendant that "the only method of discovery was a public records request." Defendant left three subsequent voicemails with the city of Cleveland. The city of Cleveland did not respond to defendant's messages or his discovery requests.

{¶ 36} The dissenting opinion concludes that there is no right to subpoena the police officer in a case challenging an ATEC violation. While the dissent is correct in stating that, in general, there is no right to confront witnesses in civil proceedings, R.C. 2506.03 creates a statutory right to introduce additional evidence under certain circumstances in administrative appeals. If a party to an administrative appeal was not permitted to offer evidence or offer and cross-examine witnesses at the administrative hearing, "the court *shall hear* the appeal upon the transcript and *additional evidence* as may be introduced by any party." (Emphasis added.) R.C. 2506.03(B)

{¶ 37} This court interpreted R.C. 2506.03's language as mandatory in *In re Annexation of Territory of Riveredge Twp. to Fairview Park* (1988), 46 Ohio App.3d 29, 545 N.E.2d 1287. In *Riveredge Twp.*, the appellants were not given an opportunity to cross-examine certain witnesses at their administrative hearing, because R.C. 709.032, which governs the procedural aspects of annexation hearings, does not have a provision for cross-examining affiants. Id. at 38. On appeal, the trial court affirmed the board's decision without holding a hearing, which would have allowed the appellants to cross-examine witnesses. Id. at 37. This court reversed the trial court's judgment, holding as follows:

{¶ 38} "Pursuant to [R.C. 2506.03,] the trial court should have held a hearing and allowed the appellant to call the above-mentioned affiants as witnesses for purposes of cross-examination. The trial court's failure to admit additional evidence in accord with R.C. 2506.03 was erroneous. * * * R.C. 2506.03 set[s] forth the appellant's only avenue for the cross-examination of the affiants in this case. Hence, the appellant had no right to cross-examine those persons until it brought its R.C. Chapter 2506 appeal." Id. at 37–38.

{¶ 39} Similar conclusions were reached by other Ohio courts. See *Rife v. Franklin Cty. Bd. of Zoning Appeals* (1994), 97 Ohio App.3d 73, 77, 646 N.E.2d 226 (the court erred in denying appellant's motion to allow additional evidence under R.C. 2506.03(A)(5) because "the transcript of proceedings before the board did not contain conclusions of fact supporting the board's decision"); *Borgerding v. Dayton* (1993), 91 Ohio App.3d 96, 99, 631 N.E.2d 1081 (interpreting R.C. 2506.03 "to mean that the factual record in the case is to be limited to the record made up in the administrative forum unless one of the enumerated exceptions applies"); *Am. Aggregates Corp. v. Columbus* (1990), 66 Ohio App.3d 318, 323, 584 N.E.2d 26 (in an administrative appeal involving a zoning variance, the "transcript supports the conclusion that R.C. 2506.03 required the trial court to grant appellant's motion to take additional evidence. While appellant was permitted an opportunity to present its position, arguments and contentions, the time available was limited").

{¶ 40} The dissent relies on federal cases from the Northern District of Illinois and the Seventh Circuit Court of Appeals to support the argument that the costs of requiring police officers to appear at administrative hearings outweigh the benefits. Respectfully, our reading of *Van Harken v. Chicago* (C.A.7, 1997), 103 F.3d 1346, and *Idris v. Chicago* (Jan. 16, 2008), N.D.Ill. No. 06 C 6085, 2008 WL 182248, reveals differences that render their holdings distinguishable from the case at hand.

{¶ 41} *Van Harken* and *Idris* conclude that municipal ordinances that do not require police officers to testify at the administrative hearing level are facially constitutional. Likewise, in the instant case, we found CCO 413.031, which also

does not require officers to appear at administrative hearings, constitutional as applied to defendant. However, in the case at hand, defendant also alleges that his due process rights were violated at the first layer of judicial review, or his administrative appeal at the court of common pleas, under R.C. 2506.03. R.C. 2506.03 does not require police officers to appear at administrative hearings. Rather, it requires the court to allow additional evidence on appeal under limited circumstances of procedural defects at the administrative agency level. This issue was neither raised nor discussed in *Van Harken* and *Idris*.

{¶ 42} In the instant case, the court of common pleas denied defendant's motion to compel discovery at the appellate level and affirmed the PVB's decision. We find that the court abused its discretion by denying defendant the right to "call or subpoena the officer who issued the ticket [and/or] the officer who reviewed the ticket," pursuant to R.C. 2506.03. Defendant's third assignment of error is sustained.

{¶ 43} The judgment is reversed, and the cause is remanded to the lower court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

KILBANE, J., concurs.

BLACKMON, J., dissents.

PATRICIA ANN BLACKMON, Judge, dissenting.

{¶ 44} I respectfully dissent from the majority opinion's holding that there exists a right to subpoena the officer who issued the traffic ticket under the city of Cleveland's automatic traffic-enforcement camera program.

{¶ 45} The United States Supreme Court has historically held that no right to confront witnesses exists in a civil case. *Richardson v. Perales* (1971), 402 U.S. 389, 402, 91 S.Ct. 1420, 28 L.Ed.2d 842. Instead, a weighing process is used to determine whether the procedures prescribed are inadequate for due process. In *Mathews v. Eldridge* (1976), 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18, the court stated that this determination requires a comparison of the costs and benefits of whatever procedure the plaintiff contends is required. Using this analysis, the Seventh Circuit Court of Appeals in *Van Harken v. Chicago* (C.A.7, 1997), 103 F.3d 1346, 1351–1352, held the following in determining whether a person who received a parking ticket (which is a civil violation in Chicago) has a right to subpoena the officer who wrote the ticket:

The costs of procedural safeguards are fairly straightforward, which is not to say easy to quantify. For example, the cost of requiring the police officer who

writes the ticket to appear in person at every hearing * * * that the plaintiffs in this case claim is required by the due process clause — depends on the number and length of hearings, the average * * * reduction in his productivity from the interruption of his normal workday that attendance at such hearings requires, and the expense to the City of hiring additional policemen. * * * If the ticketing officer were required to attend, the number of hearings requested would undoubtedly be higher, because respondents would think it is likely that the officer wouldn't show up—a frequent occurrence at hearings on moving violations. * * * Acquittals of violators due solely to the ticketing officer's failure to appear would undermine the deterrent efficacy of the parking laws and deprive the City of revenues to which it was entitled as a matter of substantive justice.

The benefits of a procedural safeguard are even trickier to estimate than the costs. The benefits depend on the harm that the safeguard will avert in cases in which it prevents an erroneous result and the likelihood that it *will* prevent an erroneous result. We know the harm here to the innocent car owner found "guilty" and forced to pay a fine: it is the fine, and it can be anywhere from $10 to $100, for an average of $55. We must ask how likely it is that error would be averted if the ticketing officer were present at the hearing and therefore subject to cross-examination. * * * [T]he benefits of requiring the police officer to appear at every hearing are unlikely to exceed the costs.

{¶ 46} The Northern District of Illinois also considered in *Idris v. Chicago* (Jan. 16, 2008), N.D.Ill. No. 06 C 6085, 2008 WL 182248, the need to have an officer present for the hearing regarding speeding tickets that were from cameras. With the same legal analysis used in *Van Harken, Idris* held that the cost outweighed the benefit.

{¶ 47} Likewise, in this case, the cost of requiring officers to appear at the hearing outweighs the benefit. That is, there is a low risk of error. Also, it is questionable what the officer could add to the photographic evidence. He would basically read the information garnered from the camera because he was not actually at the scene when the alleged speeding occurred or when the photograph was taken and developed.

{¶ 48} This approach is one way to burden out of existence a program that has otherwise been held constitutional. Additionally, although R.C. 2506.03 allows the introduction of additional evidence in the court of common pleas reviewing an administrative appeal, it does not mandate additional evidence. Finally, in all due respect to the majority opinion, it has cited no case law that mandates the right to subpoena witnesses in a statutorily prescribed civil action. I would affirm the trial court's decision.