[Cite as *St. Lawrence O'Toole Gardens, L.L.C. v. Lawrence Cty. Aud.*, 2020-Ohio-4320.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

St. Lawrence O'Toole Gardens, LLC,  :  Case No. 19CA15

    Appellant-Plaintiff/Appellant,  :

v.  :  <u>DECISION AND</u>
<u>JUDGMENT ENTRY</u>

Lawrence County Auditor,  :

    Appellee-Defendant/Appellee.  :  **RELEASED 8/27/2020**
_____
<u>APPEARANCES</u>:

Barry F. Fagel and Christopher H. Hurlburt, Lindhorst & Dreidame, Cincinnati, Ohio, for appellant.

Brigham M. Anderson, Lawrence County Prosecutor, and W. Mack Anderson, Lawrence County Assistant Prosecutor, Ironton, Ohio, for appellee.
_____
Hess, J.

**{¶1}**  St. Lawrence O'Toole Gardens, LLC ("St. Lawrence"), appeals from a judgment of the Lawrence County Common Pleas Court that affirmed the value the Lawrence County Board of Revision ("BOR") assigned to certain real property for tax year 2017.  St. Lawrence contends that the common pleas court erred by not allowing the parties to file briefs before it issued its judgment and by upholding the BOR's value.  Because the court resolved the appeal without giving St. Lawrence an opportunity to present its arguments relative to the appeal, and because its unreasoned decision provides us no basis on which to assess its review of the evidence and its conclusions, we reverse the court's judgment and remand for further proceedings.  This decision renders moot any further contention that the court abused its discretion when it affirmed

the value assigned by the BOR, a merits determination the court's conclusory decision does not leave us in a position to address.

## I.  FACTS

{¶2}   St. Lawrence is the record owner of certain real property in Ironton, Ohio, where its affiliate, Close to Home III, LLC, operates an assisted-living facility.   The Lawrence County Auditor valued the property at $2,671,120 for tax year 2017.   St. Lawrence filed a complaint in the BOR seeking a reduction in value to $1,250,000. After three days of hearings, the BOR retained the auditor's value.

{¶3}   On December 26, 2018, St. Lawrence filed a notice of appeal in the common pleas court asserting that the BOR relied upon an excessive appraisal, that the "property was valued as a commercial leasing facility and not as a specific low income/Medicare residential assisted living facility," and that the value set by the BOR did not represent the fair market value as of tax year 2017.   St. Lawrence stated that it "submits this appeal on the record before the [BOR] and requests that this matter be set for trial for the purpose of submitting additional evidence."   On January 25, 2019, the auditor filed a "response" to the notice of appeal in which it neither admitted or denied the statements in the notice of appeal, and the auditor filed the record of the BOR's proceedings except for the hearing transcripts.   Approximately two months later, the auditor submitted the transcripts.   On July 22, 2019, the court issued a judgment entry stating simply in operative part:   "Upon review of the record and evidence thus submitted, including transcripts from the [BOR] hearings * * * the Court hereby finds the value of said property to be $2,671,120.00."

## II.  ASSIGNMENT OF ERROR

{¶4}   St. Lawrence assigns the following error for our review:  "The trial court erred when it refused to permit the parties' briefing on this matter and upheld the valuation of the Board of Revision."

## III.  LAW AND ANALYSIS

{¶5}   In its sole assignment of error, St. Lawrence contends that the common pleas court erred when it resolved the appeal without permitting the parties to file briefs and when it upheld the value assigned by the BOR.  St. Lawrence relies on *RDSOR v. Knox Cty. Aud.*, 5th Dist. Knox No. 07-CA-12, 2008-Ohio-897, to support its position regarding briefs.  The auditor contends *RDSOR* conflicts with our decision in *Diversified Mtge. Investors, Inc. v. Athens Cty. Bd. of Revision*, 7 Ohio App.3d 157, 454 N.E.2d 1330 (1982), and notes that we cited *Schisler v. Clausing*, 66 Ohio St.2d 345, 421 N.E.2d 1291 (1981), and *State ex rel. Myers v. Chiaramonte*, 46 Ohio St.2d 230, 348 N.E.2d 323 (1976), in support of our decision.  The auditor also asserts that neither party requested that the common pleas court "accept additional evidence or permit briefing prior to its decision."  St. Lawrence responds that *Diversified* is inapposite because it dealt with the obligation of a court to hear and consider additional evidence under R.C. 5717.05, and St. Lawrence emphasizes that a brief stating a party's arguments is not evidence.  St. Lawrence also contends that the trial court "simply adopted" the BOR's valuation, which the BOR "arrived at via improper means."

{¶6}   In an appeal from a judgment of a common pleas court made pursuant to R.C. 5717.05, we may not disturb the court's determination of taxable value "absent a showing of abuse of discretion."  *Black v. Bd. of Revision of Cuyahoga Cty.*, 16 Ohio

St.3d 11, 14, 475 N.E.2d 1264 (1985). "Specifically, an appeals court should not question the trial court's judgment, unless such determination is unreasonable, arbitrary, or unconscionable." *Id.*

{¶7} R.C. 5717.05 provides that the person in whose name property is listed may appeal a decision of the county board of revision to the county common pleas court by filing a notice of appeal with the court and board. "Within thirty days after notice of appeal to the court has been filed with" the board, it "shall certify to the court a transcript of the record of the proceedings of said board pertaining to the original complaint and all evidence offered in connection with that complaint." R.C. 5717.05. The common pleas court "may hear the appeal on the record and the evidence thus submitted, or it may hear and consider additional evidence. It shall determine the taxable value of the property whose valuation or assessment for taxation by the county board of revision is complained of * * *." *Id.*

{¶8} The Supreme Court of Ohio has stated:

> While R.C. 5717.05 requires more than a mere review of the decisions of the board of revision, that review may be properly limited to a comprehensive consideration of existing evidence and, in the court's discretion, to an examination of additional evidence. The court should consider all such evidence and determine the taxable value through its independent judgment. In effect, R.C. 5717.05 contemplates a *decision de novo.* It does not, however, provide for an original action or trial *de novo.*

(Emphasis sic.) *Black* at 14.

{¶9} In *RDSOR*, a property owner filed an appeal from a county board of revision's determination of value in common pleas court. *RDSOR*, 5th Dist. Knox No. 07-CA-12, 2008-Ohio-897, at ¶ 4. About six months later, the court issued a decision reducing the value based on the transcript and evidence from the board's proceedings.

*Id.* at ¶ 5. The county auditor and a local board of education appealed and asserted that the court had denied their right to due process in deciding the appeal without giving them an opportunity to submit briefs on the issue presented. *Id.* at ¶ 6, 10. The Fifth District Court of Appeals agreed and reversed the lower court's decision. *Id.* at ¶ 10, 28. The appellate court explained that while R.C. 5717.05

> specifically contemplates the reviewing court's discretion in allowing the parties to submit "additional evidence", the filing of a brief stating the party's argument with regard to their appeal is not "additional evidence" under this provision. Rather, fundamental fairness and the traditional notions of due process provide for an appealing party's opportunity to be heard through the submission of briefs and/or oral argument. As such, the county auditor was not required to file a motion to request the right to file a brief in the appeal. The court's hearing of the appeal necessarily contemplates the duty to allow the parties to be heard, and the trial court erred in issuing its decision without providing the parties an opportunity to present their respective arguments relative to the appeal.

*Id.* at ¶ 26.

**{¶10}** We agree generally with the reasoning in *RDSOR* and conclude that in this case, the common pleas court should have provided the parties an opportunity to present their arguments relative to the appeal. We think that is what the review statute and its "decision *de novo*" requirement of an independent assessment of the evidence contemplates. But after the common pleas court implicitly exercised its discretion under R.C. 5717.05 to reject St. Lawrence's request that it conduct a trial to hear and consider additional evidence, the court failed to give St. Lawrence an opportunity to present its arguments in support of the appeal before the court issued a decision. Although St. Lawrence had the opportunity to file a brief and request oral argument in this court, the scope of our review of the value assigned by the common pleas court (abuse of discretion) is more limited than the scope of the common pleas court's review of the

BOR's decision (de novo). *See generally Borgerding v. Dayton*, 91 Ohio App.3d 96, 98, 101, 631 N.E.2d 1081 (2d Dist.1993) (common pleas court's error in deciding R.C. 2506.01 "administrative appeal without the benefit of briefs or arguments by either party on the merits of the appeal" was not cured by fact that party had an opportunity to make its arguments to the court of appeals because "the scope of review by the trial court in an administrative appeal is greater than the scope of review by the court of appeals in an ensuing appeal from the trial court's judgment").

{¶11} Our decision in *Diversified* does not conflict with *RDSOR*. In *Diversified*, the property owner appealed a county auditor's determination of value to the county board of revision, which did not change the value. *Diversified*, 7 Ohio App.3d at 157, 454 N.E.2d 1330. Pursuant to R.C. 5717.05, the owner appealed to the county common pleas court, which reduced the value based on the transcript of the hearing before the board and a prior appraisal. *Id.* at 157-158. The board appealed to this court, and in its first assignment of error, argued that the common pleas court erred when it issued a decision " 'without holding a hearing or otherwise providing any opportunity for the parties to present additional evidence.' " *Id.* at 157. The board argued that a hearing was required under R.C. 2505.05 et seq. *Id.* at 158. We stated that "[b]ecause R.C. 5717.05 sets up specific procedures for appeals from the decision of a taxing agency, we must conclude that the procedures contained in R.C. 5717.05 dictate whether or not a hearing is required." *Id.* We held that under the statute, "the decision as to whether the court may hear and consider additional evidence is a matter within the sound discretion of the court of common pleas." *Id.* We found that the lower court did not abuse its discretion, noting that the board did not "attempt to request a

hearing or attempt to seek permission to introduce any new evidence." *Id.* at 159. We did not consider whether a common pleas court denied a party to a R.C. 5717.05 appeal its right to present its arguments on appeal to the court. *See State v. Morgan*, 4th Dist. Ross No. 12CA3305, 2012-Ohio-3936, ¶ 13 (counsel's arguments are not evidence).

{¶12} The auditor's reliance on *Schisler* and *Chiaramonte* is misplaced. The auditor is correct that we cited those cases in *Diversified*; however, we did so only for the principle that a specific law controls over a general one. *Diversified* at 158. *Schisler* and *Chiaramonte* did not involve appeals pursuant to R.C. 5717.05, and they are not relevant to this case.

{¶13} In any event, even if the structure of R.C. 5717.05 did not require the common pleas court to afford parties a chance to present their arguments on appeal, the court well might choose to do so because it must engage in a reasoned analysis of the issues. The Supreme Court of Ohio has explained that "the common pleas court has a duty on appeal to independently weigh and evaluate all evidence properly before it. The court is then required to make an independent determination concerning the valuation of the property at issue. The court's review of the evidence should be *thorough and comprehensive*, and should *ensure that its final determination is more than a mere rubber stamping* of the board of revision's determination." (Emphasis added.) *Black*, 16 Ohio St.3d at 13-14, 475 N.E.2d 1264.

{¶14} Here, the court did not specify, let alone analyze in any fashion permitting meaningful review, any of the arguments advanced to the BOR by any party. Its decision does not recite any of the evidence adduced, and does not provide the parties,

or us, with any insight into its reasoning. We understand that the court reviewed "the record and evidence," July 22, 2019 Judgment Entry, but it did not articulate the necessary thorough and comprehensive analysis. The valuation review system requires that the court show its work.

{¶15} In failing to do so, the court abused its discretion. "Because we are unable to ascertain from a careful review of the trial court's decision that it properly discharged its duty of independently evaluating [the evidence and the arguments on value], we must remand the matter to the trial court for further proceedings." *Euclid Realty LLC v. Lake Cty. Aud.*, 11th Dist. Lake No. 2012-L-027, 2012-Ohio-5332, ¶ 24 (also stating in paragraph nine that the trial court's "entire analysis of the [contested valuation] issue consisted" of two sentences). *See also, e.g., Tall Pines Holdings, Ltd. v. Testa*, 10th Dist. Franklin No. 04AP-372, 2005-Ohio-2963, ¶ 18 ("trial court's analysis of the evidence should be thorough and comprehensive. This review ensures that a court's final determination is not a mere rubber stamping of the [BOR's] determination, but rather an independent investigation and complete reevaluation of a [BOR's] value determination"); *compare Eastbrook Farms, Inc. v. Warren Cty. Bd. of Revision*, 194 Ohio App.3d 193, 2011-Ohio-2103, 955 N.E.2d 418, ¶ 21 (12th Dist.) (rejecting appellant's claim that trial court improperly deferred to the BOR determination because "[o]ur review of the court's decision reveals that it carefully considered the evidence presented by the parties").

{¶16} For the foregoing reasons, we sustain the assignment of error to the extent it asserts the common pleas court erred when it upheld the BOR valuation without giving St. Lawrence an opportunity to present its arguments relative to the

appeal and without fulfilling the court's duty to independently determine the value of the property.  Accordingly, we reverse the judgment of the common pleas court and remand for further proceedings consistent with this opinion.

JUDGMENT REVERSED AND
CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Nelson, J.*:  Concur in Judgment and Opinion.


For the Court



BY:  _____
Michael D. Hess, Judge




### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**


*Judge Frederick D. Nelson, Tenth District Court of Appeals, sitting by assignment of the Supreme Court of Ohio in the Fourth Appellate District.