CITY OF LEBANON, APPELLEE, *v.* MCCLURE, APPELLANT.

(No. CA87-06-048 — Decided April 11, 1988.)

*J. William Duning* and *James Whitaker,* for appellee.

*Lila Rae McClure, pro se.*

*Per Curiam.* On or about August 14, 1986, Doug Johnson, a Lebanon building official, notified defendant-appellant, Lila Rae McClure, of twelve separate building code violations upon her property located at 102 North High Street in Lebanon. The real estate had excessive peeling of paint from every outside wall visible from the street and exposed structural members which were not painted or protected with any other coating or material to preserve them from decay. There were also various portions of the structure which were decayed to differing degrees, the worst of which were the structural supports to the porch on the southeast corner of the house. There were loose shingles, peeling paint, and apparent general neglect of the real estate, reflective of deterioration and inadequate maintenance to the extent that the property itself was not being preserved or protected from the elements. There was also debris littering the rear yard consisting of chairs, plastic bags, sheet plastic, parts from a telescope, a rug and other miscellaneous items.

On September 9, 1986, appellant was cited for violating four sections of the Lebanon Building Code. She subsequently filed a motion to dismiss the charges based upon the unconstitutionality of specific sections of the building code. On November 13, 1986, the Lebanon Municipal Court issued a decision and judgment striking one sentence of Section 1301.01(C)(1)(a) as being unconstitutionally void for vagueness. The court found the entire Section 1301.05(D)(2)(b) to be constitutionally enacted, and the entire Section 1301.05(E)(1) to be unconstitutionally void for vagueness. The court struck one phrase from Section 1301.05(E)(4) and retained the remainder as passing constitutional muster.

On April 21, 1987, the case proceeded to trial upon the filing of an amended two-count complaint, charging appellant with violations of Sections 1301.05(C)(1)(a) and (E)(4) of the Lebanon Building Code, which sections had been amended following the court's November 13, 1986 decision. Appellant was thus charged with violating these sections which, as amended, read as follows:

"Section 1301.05 Property Maintenance

"C.  Maintenance Standards

"1.  General Maintenance

"a.  The owner and/or occupant shall keep the exterior of all premises and every structure thereon including, but not limited to, walls, roofs, cornices, chimneys, drains, towers, porches, landings, fire escapes, stairs, store fronts, signs, windows, doors, awnings, and marquees in good repair and all surfaces thereof shall be kept painted or protected with other approved coating or material where necessary for the purposes of preservation and avoiding a blighting influence on adjoining properties. All surfaces shall be maintained free of broken glass, loose shingles, crumbling stone or brick, peeling paint or other conditions reflective of deterioration or inadequate maintenance, to the end that the property itself may be preserved safely, fire hazards eliminated, and adjoining properties and the neighborhood protected from blighting influences.

"* * *

"E. Maintenance of Premises

"4. Removal of Miscellaneous Debris — All yards, courts or lots shall be kept free of unsightly materials not appropriate to the area and debris which may cause a fire hazard or may act as a breeding place for vermin or insects."

The matter proceeded to trial on April 21, 1987 on the two counts as set forth above, and by decision dated April 23, 1987, the court found appellant guilty on both counts, and entered its judgment with sentence, suspending same pending disposition of the instant appeal. It is from this judgment that appellant filed her appeal.

Appellant's sole assignment of error is that the trial court erred in overruling her motion to dismiss the charges based on an overbroad and unconstitutionally vague city ordinance. Appellant contends that the sections of the Lebanon Building Code which she is accused of violating are unconstitutionally void for vagueness because they do not provide adequate standards by which her activity can be determined as legal or illegal. Appellant claims that the statute fails to apprise an ordinary individual of what conduct is forbidden.

We begin our analysis, as we did in *State* v. *Wear* (1984), 15 Ohio App. 3d 77, 15 OBR 106, 472 N.E. 2d 778, and as the trial court did, with the proposition that a presumption of constitutionality exists and that the defendant bears the burden of demonstrating the unconstitutionality of the ordinance. *Downing* v. *Cook* (1982), 69 Ohio St. 2d 149, 23 O.O. 3d 186, 431 N.E. 2d 995; *Mayfield-Dorch, Inc.* v. *South Euclid* (1981), 68 Ohio St. 2d 156, 22 O.O. 3d 388, 429 N.E. 2d 159. It has also been the practice for courts to liberally construe a statute in order to save it from constitutional infirmities. *State* v. *Slatter* (1981), 66 Ohio St. 2d 452, 20 O.O.

3d 383, 423 N.E. 2d 100. Nevertheless, a court, in interpreting a statute, cannot simply rewrite it in order to make it constitutional. *Peebles* v. *Clement* (1980), 63 Ohio St. 2d 314, 17 O.O. 3d 203, 408 N.E. 2d 689. The test for determining whether a statute is unconstitutionally vague is set forth in the case of *Kolender* v. *Lawson* (1983), 461 U.S. 352, where the United States Supreme Court stated that:

"As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. * * *" (Citations omitted.) *Id.* at 357.

Thus, in order to avoid a finding of vagueness, the statute must give sufficient warning so that individuals may conduct themselves so as to avoid that which is prohibited by law. *Rose* v. *Locke* (1975), 423 U.S. 48.

This standard for determining if a statute is vague has been adopted in Ohio in the case of *State* v. *Phipps* (1979), 58 Ohio St. 3d 271, 12 O.O. 3d 273, 389 N.E. 2d 1128. In *Phipps,* the Ohio Supreme Court adopted the vagueness doctrine as set forth in *Connally* v. *Gen. Constr. Co.* (1926), 269 U.S. 385, 391, wherein it was held that:

"* * * [A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law. * * *" See, also, *State* v. *Young* (1980), 62 Ohio St. 2d 370, 16 O.O. 3d 416, 406 N.E. 2d 499, certiorari denied (1980), 449 U.S. 905.

Appellant argues that Lebanon Building Code Section 1301.05(C) (1)(a), and in particular the words "approved coating or material," and the

words "conditions reflective of deterioration or inadequate maintenance," and other "subjective" terms, are susceptible to as many definitions and distinctions as there are people to apply them, and are so vague and imprecise that an ordinary individual could not determine what conduct is being prohibited.

We disagree. This phrase does not present a problem or uncertainty. Clearly, any coating or material applied to the surface of the exterior of the house, which would preserve and protect that surface, would be "adequate" and would constitute approved coating under the ordinance. The term "conditions reflective of deterioration" is, likewise, certain in its application when viewed in the context of the entire ordinance which sets out examples of conditions which are reflective of a state of deterioration or inadequate maintenance which would render the property unsafe or a fire hazard.

The mere fact that the legislation is not completely self-defining does not make the legislation unconstitutionally vague. When viewed in the context of the entire ordinance, the terms "in good repair," "painted or protected with other approved coating or material," and "conditions reflective of deterioration or inadequate maintenance" do not present a problem of uncertainty. Their meaning is clear and unambiguous and, furthermore, the ordinance lists examples of deterioration, inadequate maintenance, and structures which are not in good repair and which, if not maintained, would create safety and fire hazards.

These examples of such conditions remove the disputed terms from the realm of uncertainty and subjectiveness as were the terms used in *Deshler* v. *Hoops* (C.P. 1963), 93 Ohio Law Abs. 335, 26 O.O. 2d 30, 196 N.E. 2d 476, relied upon by appellant in her brief.

The court in *Hoops* focused on terms such as "old and dilapidated" and "eye-sore" and stated that these were almost entirely subjective and were indicative of the conclusion that the bases of the ordinance were entirely aesthetic, and therefore invalid.

The ordinance in this case is clearly designed to further legitimate interests of both safety and aesthetics, which is not fatal to its existence. The Ohio Supreme Court stated in *Hudson* v. *Albrecht, Inc.* (1984), 9 Ohio St. 3d 69, 9 OBR 273, 458 N.E. 2d 852, the following:

"* * * [M]ore recent Ohio cases dealing with both zoning and nuisance issues have implied that there is a governmental interest in maintaining the aesthetics of the community and have recognized its role in the exercise of police power." *Hudson, supra,* at 72, 9 OBR at 276, 458 N.E. 2d at 856.

The provisions of Section 1301.05 (C)(1)(a) of the Lebanon Building Code are designed to preserve the structural integrity of buildings and to promote community safety as well as to satisfy aesthetic concerns and we find that the ordinance is specific in its notice as to what is and is not adequate in satisfying these purposes.

Appellant further argues that Section 1301.05(E)(4) of the ordinance is unconstitutional because it does not set forth the type of debris which is prohibited because it may be a fire hazard or act as a breeding place for vermin or insects. She submits that there was no testimony at trial that the items on her property were causing vermin or insects to breed and that she was unjustly convicted of violating the ordinance.

"When the wording of a statute is clear and unambiguous on its face, judicial interpretation is not required; rather, the court must give effect to the words used." *Dougherty* v. *Torrence* (1982), 2 Ohio St. 3d 69, 70, 2

OBR 625, 626, 442 N.E. 2d 1295, 1296. This is also true of municipal ordinances. Thus, we find that it is common knowledge what types of materials, if left unattended and in public view, may become a nuisance to those in the area. It is also well known, by the ordinary person, that materials which are flammable and of a type that decompose when exposed to the elements, are likely to cause a fire or become a breeding ground for vermin or insects. When such words of a statute, or ordinance, are clear and unambiguous, it is not necessary to set forth specific examples of these materials.

Appellant was found to have kept the following types of items in her yard: chairs, plastic garbage bags, sheet plastic, parts from a telescope, an oriental rug, screen doors, cardboard boxes, newspapers, lumber and old tires. Undoubtedly, these types of materials are subject to deterioration and would very obviously create a fire hazard not only because they are capable of starting a fire, but also because the presence of such debris could hinder firefighting attempts and access to the residence, should a fire occur. The terms "fire hazard" and "breeding place for vermin or insects" are common terms and not susceptible to varying definitions. Therefore we find that the trial court correctly held that this section of the ordinance is constitutional, and that the trial court correctly applied this section to the facts of the case.

Although appellant has not stated the argument as a separate assignment of error or as an issue for review, she claims that the amendments to the building code cannot be made applicable to her property as it was pre-existing, non-conforming property. She argues that the improvements on her property were erected and presumably deteriorated before the city of Lebanon enacted the amendments.

We agree with the trial court that the amendments to the city's building code ordinances have been aimed primarily at abating nuisances and that the condition of appellant's property did create a nuisance. Improvements necessary to comply with new standards may be constitutionally compelled by a public agency against a private owner when it has been determined that the continued use of the property without conforming to existing standards would constitute a nuisance. *Gates Co.* v. *Housing Appeals Bd.* (1967), 10 Ohio St. 2d 48, 39 O.O. 2d 42, 225 N.E. 2d 222.

Appellant's sole assignment of error is overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., HENDRICKSON and KOEHLER, JJ., concur.